# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **HENRY SNOW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 4:17-CV-1048-VEH** |
| ) | |
| **THOMAS A. KING,** *individually and* ) | |
| *officially as municipal court judge for* ) | |
| *the City of Gadsden*, **GARY** ) | |
| **TUCKER,** *individually and officially* ) | |
| *as prosecutor for the City of Gadsden,* ) | |
| and the **CITY OF GADSDEN,** ) | |
| ) | |
| **Defendants.** ) | |

---

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Henry Snow, has sued Thomas A. King, individually, and in his

official capacity as the municipal court judge for the City of Gadsden, Alabama (the

"City"), for violation of 42 U.S.C. § 1983 (Counts One, Two, Three, Four, and Five)

and various state law claims (Counts Six, Seven, Eight, and Nine).[1] All Counts arise

---

[1] The Amended Complaint is also filed against the City, and Gary Tucker and Kristi
Owens, individually, and in their official capacities a prosecutors for the City. Finally, the
Plaintiff sues Brian Greer individually, and in his official capacity as the nuisance enforcement
officer for the City. The instant motions do not concern these Defendants. Count Ten appears to
set out only a claim for prospective declaratory and injunctive relief and not an actual cause of
action. (Doc. 9 at 19). These other Defendants have filed briefs referencing the Plaintiff's Motion
for Partial Summary Judgment. (Docs. 24, 27). Because that motion is directed only towards
Judge King, and because the Court finds that motion to be moot, it will not address the
arguments of these other Defendants.

out of the City's prosecution of the Plaintiff for violation of the City's "Nuisance Abatement Ordinance."

The case comes before the Court on Defendant King's Motion to Dismiss (doc. 13), and the Plaintiff's Motion for Partial Summary Judgment (doc. 16). For the reasons stated herein, the Motion To Dismiss will be **GRANTED**, and the Motion for Summary Judgment will be **TERMED** as **MOOT**.

## I.  THE MOTION TO DISMISS (DOC. 13)

### A.  <u>Standard</u>

In Defendant King's motion, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, he claims that the Amended Complaint fails to state a claim upon which relief may be granted. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

B. <u>**Allegations in the Amended Complaint**</u>

The Amended Complaint states as follows:

9.     The City of Gadsden has a Nuisance Abatement Ordinance that governs its efforts to regulate junk cars.

10.     Section 86-1(2)(c) of the statute excepts and removes registered antique wagons from regulation.

11.     At the time of his junk car conviction, the plaintiff's vintage Impala wagon ("wagon") was a registered antique wagon and, therefore, exempt from regulation by the ordinance.

12.     The initial notice regarding the plaintiff's wagon was issued on 8/19/15 by defendant Greer without probable cause as it failed to specify the vehicle or specific nuisance violation.

13.     The plaintiff tried to appeal this notice to no avail as the nuisance enforcement officer failed to afford the plaintiff the right to appeal the same and failed to provide info regarding the manner to appeal said finding.

14.     The plaintiff was issued a defective citation by the nuisance enforcement officer on January 27, 2016[,] regarding an unidentified wagon and an initial court appearance was set for 3/3/16. The citation failed to state the facts that were the basis for the violation and was otherwise vague and unconstitutional.

15.     At all times relevant hereto, the wagon was covered and/or parked in a way that defendants could not have been able to ascertain whether the wagon did or did not have a valid tag.

16.     On 3/3/17 and prior to any conviction or trial on the merits, the Judge ordered the plaintiff to get rid of the wagon and then generally re-set the case for May 12, 2016. After court on the same day, enforcement Officer Brian Green apologetically advised the plaintiff that all he needed to do was secure an antique registration and that such registration would void this prosecution.

17.     On the same day, the plaintiff registered the wagon as an antique wagon.

18.     The plaintiff returned to court on 5/12/16, objected to the charge and produced his antique car registration. In retaliation for the plaintiff's speech and presentation of the registration at the court setting, which otherwise warranted dismissal of charges and full exoneration, the Judge and prosecutor commenced an unnoticed and unscheduled "trial" and convicted the plaintiff of the junk car charges including a fine of $250.00 and court costs of $47.00.

19.    The plaintiff filed a timely appeal. Pursuant to this appeal, defendant Owens caused a new citation to be generated that was deficient and otherwise unlawful as said vehicle was exempt at the time of said citation and said citation failed to adequately allege with specificity the nuisance charge. Defendant Tucker participated in its creation and prosecuted said appeal in spite of said deficiency. The prosecutors later *nol prossed* and otherwise dismissed the charges pursuant to the City of Gadsden's policy of dismissing charges against defendants who produce valid antique car or other registration. This policy was in effect prior to the plaintiff's conviction but was selectively ignored.

20.    The City of Gadsden cedes an unreasonable amount of authority to the Judge and prosecutor. The Judge and prosecutor routinely conspire to ignore city policy and violate the civil rights of defendants. Hence, said conduct is rendered the official policy of the City.

21.    White, insider neighbors of the plaintiff [sic] have maintained junk cars for decades without citation. As such, the defendants are motivated by unlawful prejudice to selectively not enforce the junk car ordinance against certain residents because of their race and/or political affiliation.

22.    At all times relevant hereto, the prosecutor had evidence that the charges against the plaintiff were due to be dismissed but failed to *nol pross* the action or take measures necessary to avoid the unlawful junk car conviction of the plaintiff.

(Doc. 9 at 7-10, ¶¶9-22).

## C.    **Analysis**

In his response to the Motion To Dismiss, the Plaintiff states that he "waives

any request for money damages and/or injunctive relief . . . against defendant King,"

and "seeks declaratory relief only." (Doc. 16 at 12). Only the following declaratory relief is set out in the Amended Complaint:

> That this Court enter a declaratory judgment finding that the defendants wrongfully convicted and/or failed to set aside the conviction of the plaintiff and that the Court engages in a pattern and practice of such conduct in violation of the Due Process, Takings Clauses of the 14th and 5th Amendments, 42 U.S.C. 1983, 1st and 6th Amendments, the Alabama Constitutional corresponding provisions and state common law and statutes.

(Doc. 9 at 22). Although not specifically labeled as a request for declaratory relief, the Amended Complaint also asks this Court to "[f]ind [the nuisance] ordinance unconstitutional to the extent it does not require a description of said alleged inoperable vehicle and nuisance." (Doc. 9 at 22). Keeping in mind the exact nature of the relief requested, the Court now moves into a discussion of Judge King's liability.

## 1. *Judicial Immunity*

This Fifth Circuit has said that confusion comes when "[c]ourts discuss immunity defenses without clearly articulating to whom and in which capacity those defenses apply." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000); *see also, VanHorn v. Oelschlager*, 502 F.3d 775, 779 (8th Cir. 2007) (citing and agreeing with the proposition stated in *Turner*). This Court agrees. Judicial immunity, to the extent that it applies in this case, is a defense to claims

brought against Judge King in his <u>individual</u> capacity. *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) ("Finally, to the extent Sibley sought to amend his complaint to clarify that he wished to sue Judges Schwartz and Goderich in their individual capacities, such an amendment would also be futile, as both judges were entitled to judicial immunity from suit in their individual capacities."); *see also*, *Andrews v. Hens-Greco*, 641 F. App'x 176, 180 (3d Cir. 2016) ("We therefore hold that Judge Hens–Greco is entitled to absolute judicial immunity from Andrews's individual capacity claim for money damages."); *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) ("[The] claims against the defendant judges in their individual capacities are barred by the doctrine of judicial immunity."); *Aron v. Becker*, 48 F. Supp. 3d 347, 363 (N.D.N.Y. 2014) (McAvoy, J.) (dismissing on the basis of judicial immunity "all claims brought against Judge Becker in his individual capacity"); *Mills v. City of Shreveport*, 58 F. Supp. 3d 677, 687 (W.D. La. 2014) (Hicks, J.) ("[A]bsolute immunity is not available to individual defendants sued in their official capacity. Absolute immunity only applies to claims against individual defendants with respect to their individual capacity.") (citation omitted); *McCulley v. Chatigny*, 390 F. Supp. 2d 126, 128 (D. Conn. 2005) (Kravitz, J.) (claims against judges in their individual capacities dismissed on the grounds of absolute judicial immunity).

All of the counts in the Amended Complaint, to the extent they are directed towards Judge King, and whether based upon state law or federal law, grow out of Judge King's actions as a municipal judge presiding over the Plaintiff's criminal case. In that regard, it is well settled in Alabama that municipal court judges are entitled to the defense of absolute judicial immunity and are not subject to monetary liability for actions committed within their jurisdiction. *Ex parte City of Greensboro*, 948 So. 2d 540, 542 (Ala. 2006) (applying judicial immunity to municipal court clerk and writing that "[j]udges acting in an official judicial capacity are entitled to absolute judicial immunity under Alabama law"). This immunity has been specifically extended to § 1983 actions. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *citing Pierson v. Ray*, 386 U.S. 547 (1967). Additionally, the Eleventh Circuit has recognized that this immunity applies to municipal court judges acting within the scope of their jurisdiction. *Harris v. Deveaux,* 780 F.2d 911(11th Cir. 1986); *Ray v. Judicial Corr. Servs., Inc.*, No. 2:12-CV-02819-RDP, 2014 WL 5090723, at *3 (N.D. Ala. Oct. 9, 2014) (Proctor, J.) (applying principles of judicial immunity to municipal court judge). The Plaintiff does not dispute that judicial immunity applies to his state law and federal law claims.[2] Instead, as to his claims made pursuant to section 1983, he

---

[2] To be clear, the Court holds that it does. In determining whether judicial immunity applies, the first question to be answered is whether or not the Judge dealt with the plaintiff in a judicial capacity. *Harris*, supra, at 914. In this instance, the Plaintiff's complaint contains no

argues that judicial immunity does not bar claims for <u>prospective declaratory relief</u>.

In order to address this issue, it is best to set out briefly the history of judicial immunity in the context of a section 1983 claim. The following excerpt from Judge Proctor's opinion in *Ray v. Judicial Corr. Servs., Inc.*, No. 2:12-CV-02819-RDP, 2014 WL 5090723, at *3–4 (N.D. Ala. Oct. 9, 2014) (Proctor, J.) does so nicely:

> [In] *Pulliam v. Allen*, 466 U.S. 522 (1984), [the Supreme Court] held that judicial immunity does not bar prospective injunctive relief against judicial officers for acts or omissions taken in a judicial capacity. Congress, however, responded to *Pulliam* by amending 42 U.S.C. § 1983 in an attempt to abrogate *Pulliam*'s holding regarding the scope of judicial immunity. After the Federal Courts Improvement Act of 1996 ("FCIA") amendments, § 1983 now reads in relevant part:
>
>> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, *suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

language which shows that Judge King was dealing with the Plaintiff in any capacity other than as a municipal judge presiding over a case involving criminal charges. Therefore, the question then becomes whether Judge King acted "in clear absence of all jurisdiction." *Id.* This test is satisfied only if the Judge "completely lack[ed] subject matter jurisdiction." *Id.* at 916. In that regard, the Plaintiff's complaint presents no facts which show that Judge King acted in the clear absence of all jurisdiction. Judge King is therefore entitled to absolute judicial immunity with respect to the actions alleged by the Plaintiff in the Amended Complaint.

42 U.S.C. § 1983 (emphasis added)[3]; *see also* Pub.L. No. 104–317, § 309(c), 110 Stat. 3847 (codified at 42 U.S.C. § 1983).

It cannot be seriously disputed that, after the FCIA, judicial immunity typically bars claims for prospective injunctive relief against judicial officials acting in their judicial capacity. Only when a declaratory decree is violated or declaratory relief is unavailable would plaintiffs have an end-run around judicial immunity—and neither is true here. This abrogation of *Pulliam* has been widely recognized. *See Guerin v. Higgins*, 8 F. App'x 31, 32 (2d Cir.2001); *Haas v. Wisconsin*, 109 F. App'x 107, 114 (7th Cir.2004); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir.2000) (per curiam) (discussing amendment's purpose and effect); *Kuhn v. Thompson*, 304 F.Supp.2d 1313, 1335 (M.D.Ala.2004); *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F.Supp.2d 204, 210 (D.Mass.), *aff'd*, 248 F.3d 1127 (1 st Cir.2000); *Kampfer v. Scullin*, 989 F.Supp. 194, 201–02 (N.D.N.Y.1997); *see also Esensoy v. McMillan*, No. 06–12580, 2007 WL 257342, at *1 n. 5 (11th Cir. Jan. 31, 2007).

\* \* \*

Notwithstanding § 1983's clarity regarding injunctive relief, that statute fails to address the availability of prospective declaratory relief to defeat judicial immunity.

\* \* \*

The Eleventh Circuit has provided some guidance. Our circuit has taught us that, in *Pulliam*,

> the Supreme Court concluded that judicial immunity is not a bar to demands for injunctive relief against state judges. Congress abrogated *Pulliam*, however, by passing the [FCIA], which amended § 1983 to provide that "in any

---

[3] Judge Proctor's opinion added the emphasis.

> action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Because Appellant specifically requests declarative relief, judicial immunity protects the Defendants only from Appellant's request for injunctive relief. But § 1983 does not explicitly bar Appellant's request for declarative relief.

*Esensoy*, 2007 WL 257342, at *1 n.5 (11th Cir. Jan. 31, 2007) (emphasis added). On the one hand, *Esensoy* supports Plaintiffs' argument. In that decision, the Eleventh Circuit seems to have permitted an exemption from judicial immunity where plaintiffs requested declaratory[] and not merely[] injunctive relief against a judge. On the other hand, *Esensoy* is an unpublished opinion and even it acknowledges that Congress abrogated *Pulliam*, at least in part, by passing the FCIA. Moreover, the guidance as to *Pulliam*'s validity is also dicta—and, to be sure, dicta buried in a footnote. *Id*. at 2.

There is really no question that in passing the FCIA, Congress was responding to *Pulliam*. The *Pulliam* decision only exempted prospective injunctive relief from the application of judicial immunity. *See* 466 U.S. at 527–28. Addressing the issue in *Esensoy*, the Eleventh Circuit noted that " § 1983 does not explicitly bar Appellant's request for declarative relief." 2007 WL 257342, at *1 n. 5. But one might argue Congress did not feel the need to explicitly bar claims for declaratory relief because no such exemption from judicial immunity had ever previously been recognized.

*Ray*, 2014 WL 5090723, at *3–4 (footnotes omitted); *see also*, *Yellen v. Hara*, No. CIV. 15-00300 JMS, 2015 WL 4877805, at *5 (D. Haw. Aug. 13, 2015) (citing *Ray* and *Ensensoy*, in dicta, for the proposition that "limited and non-binding authority indicates that *Pulliam* might still apply for actions seeking 'prospective declaratory

relief.'"); *but see*, *Guerin v. Higgins*, 8 F. App'x 31, 32 (2d Cir. 2001) (rejecting "[the] plaintiff's contention that he is entitled to declaratory relief based on *Pulliam* . . . given that the *Pulliam* holding with respect to such relief has been effectively overruled by Congress."); *Adams v. Cody*, No. CV 16-12075, 2016 WL 6585753, at *3 (E.D. La. Aug. 24, 2016) (Knowles, M.J.), *report and recommendation adopted*, No. CV 16-12075, 2016 WL 6581634 (E.D. La. Nov. 7, 2016) (citing *Guerin*); *Deters v. Davis*, No. CIV.A. 3:11-02-DCR, 2011 WL 2417055, at *6 (E.D. Ky. June 13, 2011) (Reeves, J.) (quoting *Guerin*'s rejection of declaratory relief which was based on *Pulliam*).

In support of his position that there is an exception to judicial immunity for section 1983 actions seeking prospective declaratory relief against a judge, the Plaintiff cites only the portion of Judge Proctor's opinion in *Ray* which quotes the aforementioned dicta, buried in a footnote, of the unpublished *Ensensoy* opinion. (Doc. 16 at 13).[4] However, in *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000), a suit brought against a federal judge pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d

---

[4] The Plaintiff also cites the Sixth Circuit's unpublished opinion in *Ward v. City of Norwalk*, 640 Fed. Appx. 462 (6th Cir. 2016) and this Court's opinion in *3D-LIQ, LLC. V. Wade*, 1:16-CV-1358-VEH (N.D. Ala. Feb, 24, 2017). Both opinions dealt with declaratory relief as an exception to Eleventh Amendment immunity.

619 (1971), the Eleventh Circuit, in dicta, wrote that "even assuming arguendo that *Pulliam* does apply to federal judges, the 1996 amendment to § 1983 <u>would limit the relief available to plaintiffs to declaratory relief.</u>" At least one court, in an opinion which was affirmed by the Eleventh Circuit, has used that reasoning as a basis for not using judicial immunity to dismiss such claims in section 1983 cases. *See*, *Wells v. Miller*, No. 15-CV-80412, 2015 WL 12953099, at *2 (S.D. Fla. June 30, 2015), *report and recommendation adopted*, No. 15-80412-CIV, 2015 WL 12953100 (S.D. Fla. Nov. 13, 2015), *aff'd*, 652 F. App'x 874 (11th Cir. 2016); *see also, Andrews v. Hens-Greco*, 641 F. App'x 176, 180 (3d Cir. 2016) ("Neither absolute judicial immunity nor the Eleventh Amendment bar claims seeking prospective injunctive or declaratory relief against a state official.").

At the end of the day, section 1983 does not specifically prohibit prospective declaratory relief against municipal court judges. Further, the statute was amended only to in response to the *Pulliam* opinion, which did not address declaratory relief. Finally, although not binding, everything the Eleventh Circuit has said on this issue supports the availability of such relief in spite of judicial immunity principles. Accordingly, and in consideration of all of the above, the Court agrees with those opinions which hold that prospective declaratory relief <u>is</u> an exception to judicial immunity in cases brought against municipal court judges pursuant to 42 U.S.C. §

1983.[5]

That being said, the Plaintiff's request for "a declarat[ion] that [Judge King] wrongfully convicted and/or failed to set aside the conviction of the plaintiff" is retrospective in nature, and therefore barred by judicial immunity. *See*, *Andrews*, 641 F. App'x at 180; *Moore v. City of New York*, No. 12-CV-4206 RRM LB, 2012 WL 3704679, at *2 (E.D.N.Y. Aug. 27, 2012) (Mauskopf, J.) ("Judicial immunity . . . bars plaintiff's claims for retrospective declaratory relief."). However, the Plaintiff's requests for declarations that "the Court engages in a pattern and practice of such conduct in violation of the Due Process, Takings Clauses of the 14th and 5th Amendments, 42 U.S.C. 1983, 1st and 6th Amendments, the Alabama Constitutional corresponding provisions and state common law and statutes," and that "[the nuisance] ordinance [is] unconstitutional to the extent it does not require a description of said alleged inoperable vehicle and nuisance" are prospective in nature and are not barred by judicial immunity.

### 2. *Eleventh Amendment Immunity*

Judge King also argues that, to the extent he is sued in his official capacity, the Eleventh Amendment bars the claims against him. The Eleventh Circuit has recently

---

[5] Again, the Plaintiff has made no argument that such relief is available to him on his state law claims.

stated:

> The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction over a lawsuit against a state. *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1302–03 (11th Cir. 2005). The Amendment applies even when a state is not expressly named as a party, if for all practical purposes the action is against the state. *Kaimowitz v. The Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993). Eleventh Amendment immunity extends to state agencies and other "arms of the state." *Id*. It also extends to individual defendants acting as agents, officials, or officers of the state or an arm of that state. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). . . .
>
> *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), provides an exception to the Eleventh Amendment for "suits against state officers seeking prospective equitable relief to end continuing violations of federal law." *Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000) (citation omitted). *Ex parte Young*'s doctrine is only available when the plaintiff seeks prospective injunctive relief. *Id*. It does not apply, however, when a federal law has been violated at one time or over a period of time in the past. *Id*. A plaintiff may not use the doctrine to adjudicate the legality of past conduct. *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999).

*Omanwa v. Catoosa Cty., Georgia,* No. 17-11041, 2017 WL 4535856, at *2–3 (11th Cir. Oct. 11, 2017).

No party has cited, and this Court has not found, an Eleventh Circuit case which has held that an Alabama municipal court judge is entitled to Eleventh Amendment immunity. Accordingly, the Court must make that determination, mindful of the fact that courts in the Eleventh Circuit

15

use[] four factors to determine whether an entity is [a state agent] in carrying out a particular function: (1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity.

*Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 659–60 (11th Cir. 2012) (internal quotations and citations omitted). Judge King does not set out these factors, although his argument does touch upon them.

The court agrees with Judge King that, in Alabama, a municipal court is treated as an arm of the state judicial system. *See*, ALA. CONST. 1901, § 139 ("Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law."); *Smedley v. City of Ozark*, No. 1:11CV954-MHT, 2012 WL 512586, at *3 (M.D. Ala. Feb. 1, 2012), *report and recommendation adopted*, No. 1:11CV954-MHT, 2012 WL 512581 (M.D. Ala. Feb. 16, 2012) (Coody, J.) (quoting section 139 of the Alabama Constitution for the conclusion that municipal court judges are "state judicial officer[s]."); *Ray*, 2017 WL 660842, at *19 ("Municipal Court's judge acts as a state policymaker when establishing or applying such judicial customs or policies.").

Judge King also correctly notes that "[t]he chief justice of the supreme court [is the] the administrative head of the judicial system." ALA. CONST. SEC. § 149 (amend. No. 328). As noted previously, that system includes the municipal courts. Furthermore, "[t]he supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts." ALA. CONST. SEC. § 150 (amend. No. 328). Again, "all courts" includes the municipal courts. Accordingly, it is clear that the state maintains a high degree of, if not exclusive control over, the municipal courts.

That having been said, Judge King makes <u>no</u> arguments as to the third and fourth factors. Furthermore, and as the Plaintiff points out, it appears that the state does <u>not</u> provide funding for the municipal courts or their judges and officers. *See* ALA. CONST. SEC. § 149 (amend. 328) ("Adequate and reasonable appropriations shall be made by the legislature for the entire unified judicial system, exclusive of probate courts and municipal courts."); Ala. Code §12-14-2(a), (b) ("The municipality shall provide appropriate facilities and necessary supportive personnel for the municipal court and may provide for probation services, clerks and municipal employees designated as magistrates. . . . Municipalities shall furnish prosecutorial services in municipal courts and in appeals from such judgments and orders."); Ala. Code § 12-14-33(a) ("The salary of the municipal judges shall be fixed from time to

time by the municipal governing body and paid by the municipality[.]").

In the absence of argument and authority from Judge King on these last criteria, the Court cannot say at this stage of the proceedings that Judge King is entitled to Eleventh Amendment immunity. *See, Kirkland v. DiLeo*, 581 F. App'x 111, 117 (3d Cir. 2014) ("We believe the . . . failure to address [a] factor, despite having the burden to prove their entitlement to sovereign immunity, "tend[s] to suggest that the . . . Municipal Court is not an arm of the State, but is more akin to a local entity or a municipal subdivision for Eleventh Amendment purposes.").[6]

### 3. Neither the Declaratory Judgment Act, Nor the Alabama Declaratory Judgment Statutes, Allow for the Type of Relief Sought in This Case

This Court has noted that

> [A plaintiff] cannot obtain declaratory or injunctive relief under § 1983 if he had an adequate remedy at law, including appellate review in the state courts with respect to an allegedly improper judicial ruling. *Id.* at 1073–74; *Bolin*, 225 F.3d at 1242–43; *also cf. Dupree v. City of Phenix City*, 2011 WL 6778799, at *3–4 (M.D.Ala. Oct. 20, 2011) (plaintiff failed to state a § 1983 claim based on allegations that government defendants unlawfully confiscated his property where state law provided adequate post deprivation remedies); *Fisher v. Bushway*, 2007 WL 1106133, at *2–3 (M.D.Ga. Apr. 11, 2007) (same).

*West v. Jones*, No. 1:14-CV-02298-VEH, 2015 WL 2450538, at *5 (N.D. Ala. May

---

[6] The Court is not bound by the decisions from other jurisdictions cited by Judge King on this issue. (*See* doc. 13 at 6, n. 2). As noted above, the factors must be analyzed under Alabama law, practice, and procedure.

22, 2015) (Hopkins, J.).[7] The same rule applies in the Alabama system. *See, Mitchell v. Hammond*, 252 Ala. 81, 83, 39 So. 2d 582, 583 (1949). ("[W]here there is an established remedy adequate for the purposes of the case and available to the party, relief by declaratory judgment should, as a rule, be denied."); *City of Graysville v. Glenn*, 46 So. 3d 925, 931 (Ala. 2010) (denying declaratory relief and quoting *Hammond* for the proposition that "the question [whether the official acted upon no evidence or improper evidence] should be determined by the usual method of direct review"). In the instant case, the Plaintiff <u>had an adequate remedy at law</u>, an appeal to the Circuit Court of his municipal court conviction, <u>and used it</u>, and <u>the case against him was dismissed with prejudice</u>.[8] To the extent that he is complaining of the

---

[7] Also, this Court has noted that

[a plaintiff] cannot use § 1983 as a device to obtain collateral review of state court judgments. *See* [*Sibley v. Lando*, 437 F.3d 1067, 1070–71 (11th Cir. 2005)]; *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir.1998).

*West*, 2015 WL 2450538, at *5.

[8] Indeed, the Plaintiff admits:

The judgment has been successfully appealed. Wholly clearing the plaintiff's name is the just and appropriate next step and doing everything possible to stop the bleeding from the plaintiff's character resulting from the sharp dagger of inaction and indifference by the defendant judge. As such, the plaintiff is entitled to have this court consider prospective declaratory relief about the constitutionality of defendant King's prospective conduct and in relation to said judgment and the constitutionality of the underlying judgment itself.

(Doc. 16 at 11). The Plaintiff's name was "cleared" by the successful appeal.

record of the conviction in the municipal court[9], the Plaintiff can seek (but thus far

apparently has not sought) expungement pursuant to Ala. Code § 15-27-1(a)(1).[10] The

availability of these remedies prevent him from receiving declaratory relief in this

---

[9] The Plaintiff argues:

[T]he plaintiff complains, in essence, that even after a successful appeal and
dismissal of the charge, Judge King recognizes and intends to continue to enforce
the city court conviction as a valid finding of the plaintiff's guilt. (Doc 13, Page 2
- Note 1; Doc. 9, Paragraph 29, 48-50)[.] In part, he will accomplish this by
allowing the judgment and costs to remain reflected on the record as a valid
conviction, refusing to fully acknowledge or accept the results on appeal and
dismissal of charges and otherwise asserting the conviction in this action as a
defense (i.e. a present act of enforcement). (Doc 13, Page 2 - Note 1; Doc. 9,
Paragraph 29, 48-50)[.]

(Doc. 16 at 13).

[10] In document 31, the Plaintiff writes, in a footnote:

An expungement as a matter of law cannot be an adequate remedy as: A request to
expunge records of conviction is a request to "destroy or seal the records of the
fact of the defendant's conviction[.]" *United States v. Crowell*, 374 F.3d 790, 792
(9th Cir. 2004). Expungement does not vacate, set aside, or otherwise affect the
legality of the conviction. *Id.* "Accordingly, expungement, without more, does not
alter the legality of the previous conviction and does not signify that the defendant
was innocent of the crime to which he pleaded guilty." *Puente Arizona v. Arpaio*,
CV-14-01356-PHX-DGC; see also see the expungement statute (Alabama Code §
15-27-1, et. seq; § 15-27-18; § 15-27-10; § 15-27-6, must disclose conviction to
financial institutions, utilities, etc.) which still allows certain law enforcement and
third party agencies to have access to the conviction record. **Notably, the city
court record still shows that the plaintiff was arrested and found guilty. (Doc.
23-3, p. 3, 8)[.]**

(Doc. 31 at 8, n. 3) (emphasis in original). An expungement is adequate to seal the records about
which the Plaintiff is concerned. His successful appeal altered the legality of the previous
conviction.

20

case.[11]

In addition, the Declaratory Judgment Act, 28 U.S.C. § 2201, "provides that

a declaratory judgment may only be issued in the case of an 'actual controversy.'"

*Walden v. Centers for Disease Control & Prevention*, 669 F.3d 1277, 1284 (11th Cir.

2012) (internal quotations and citations omitted). The Eleventh Circuit has stated that

> "[i]n order to demonstrate that a case or controversy exists to meet the
> Article III standing requirement when a plaintiff is seeking injunctive or
> declaratory relief, a plaintiff must allege facts from which it appears
> there is a substantial likelihood that he will suffer injury in the future."
> *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th
> Cir.1999) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
> S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)). "Injury in the past ... does not
> support a finding of an Article III case or controversy when the only
> relief sought is a declaratory judgment." *Id*. at 1348.

*Walden*, 669 F.3d at 1284. There is no allegation in the Amended Complaint

suggesting that the Plaintiff is in danger of future prosecution.[12] Accordingly, the

---

[11] In his response to the Motion To Dismiss, which is combined with his Motion for
Partial Summary Judgment, the Plaintiff states that he has "sought and received all relief
available under state law, *i.e.* complete dismissal of charges," yet still complains that the
municipal court "continue[s] to recognize . . . a valid conviction." (Doc. 16 at 7). In this
document he does not discuss the fact that he could have the municipal court record expunged.

[12] The Plaintiff argues that the Amended Complaint alleges the following threat of future
enforcement:

> a. the threat of future enforcement of the otherwise overturned judgment by
> taking an official present and future position that for all intended purposes [sic] it
> is still a valid conviction and the plaintiff's guilt was properly adjudicated to
> anyone who makes inquiry to the court (Doc 13, Page 2 - Note 1; Doc. 9,
> Paragraph 29, 48-50)[.]

Amended Complaint fails to state a claim for a declaration that Judge King engages

in "a pattern and practice of such conduct in violation of the Due Process, Takings

---

(Doc. 31 at 11) (footnotes omitted). First, this is not an allegation of a threat of future "enforcement." It is a allegation that City officials will reveal to the public what is in their records. As noted previously, the Plaintiff's successful appeal nullifies this conviction, and expungement would cure this problem. The Plaintiff also alleges:

> b. the threat of future enforcement of defective citations and trials without advance notice related to the same vehicle which the plaintiff still owns and which is still subject to periodic regulatory enforcement (Doc 9, Paragraphs 62-69); (Doc 9, Paragraphs 16, 18, & 20); (Doc 13, Page 2 - Note 1; Doc. 9, Paragraph 14, 57, 64); see also TOPS vs. King, et. al., 4:15-cv-00315-VEH (Doc. 1, Paragraph 4, 15, 36, 109) and filed on 2/23/15; *McGruder vs. City of Gadsden, et. al.*, 4:16-cv-01439-VEH (Doc. 1-1, Paragraph 11) and filed on 9/1/16; *see also TOPS vs. King, et. al.*, 4:16-cv-1264-VEH filed on 8/3/16.

> c. the threat of future enforcement of an unconstitutional junk car ordinance to the extent it allows junk car prosecution of defective and vague citations. (Doc 6-2, pp 15-16); (Exhibit 10, Nuisance Ordinance); (Doc 13, Page 2 - Note 1; Doc. 9, Paragraph 14, 57, 64); (Doc 6-2, pp 15-16).

(Doc. 31 at 11-12). There are no allegations in the Amended Complaint which plausibly support any inference that the Plaintiff is in danger of having this statute enforced against <u>him</u> again. Indeed, part of his problem with his conviction is that "prior to any conviction or trial on the merits," the Plaintiff "registered the wagon as an antique wagon." (Doc. 9 at 8, ¶¶16, 17). He admits that, on appeal, the charges were dismissed with prejudice "pursuant to the City['s] policy of dismissing charges against defendants who produce valid antique car . . . registration[s]." (Doc. 9 at 9, ¶19). These allegations undermine any assertion that <u>he</u> is in danger of further prosecution.

The Court notes that in his initial brief the Plaintiff cited <u>other</u> plaintiffs' complaints as evidence of "continuing conduct." (Doc. 16 at 14-16). First, the Plaintiff does not explain how the fact that these cases were <u>filed</u> demonstrate that he is entitled to relief. There is no allegation of a finding of wrongdoing in those cases. Regardless, assuming these lawsuits were successful (there is no allegation in the Amended Complaint that they were), there are no facts pled that any of the conduct about which the Plaintiff, or these other plaintiffs, complain is continuing. Similarly, the Plaintiff also cites the fact that the ordinance under which he was prosecuted still exists and that "the defendant judge apparently intends to continue to enforce defective citations." (Doc. 16 at 16-17). No facts are pled which plausibly demonstrate a continuing prosecution of <u>anyone</u> under this statute, much less the <u>Plaintiff</u>.

Clauses of the 14th and 5th Amendments, 42 U.S.C. 1983, 1st and 6th Amendments, the Alabama Constitutional corresponding provisions and state common law and statutes," and/or that the nuisance statute is unconstitutional.[13]

### 4. *Mootness*

To the extent that the Plaintiff seeks a declaration from this Court that he was "wrongfully convicted," or that Judge King "failed to set aside his conviction," his claims are moot, since the case against him has already been dismissed. Under such circumstances "dismissal is required because mootness is jurisdictional." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).[14]

### D. <u>Conclusion to Motion To Dismiss</u>

---

[13] The Amended Complaint also states that it "invokes Alabama Code § 6-6-220 (Alabama Declaratory Judgment Act)." (Doc. 9 at 3). Although the <u>federal</u> Declaratory Judgment Act is the proper procedural vehicle when seeking declaratory relief in federal court, the same rules apply under the Alabama statutes. *See, State ex rel. Baxley v. Johnson*, 293 Ala. 69, 73, 300 So. 2d 106, 110 (1974) (internal citations omitted) ("There must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under the declaratory judgment statutes, and if there was no justiciable controversy existing when the suit was commenced the trial court had no jurisdiction."); *see also*, *Underwood v. Alabama State Bd. of Educ.*, 39 So. 3d 120, 128 (Ala. 2009) (same).

[14] Furthermore, the Plaintiff apparently expects the municipal court to do something it cannot do. *See*, *Walden v. ES Capital, LLC*, 89 So. 3d 90, 107 (Ala. 2011) ("A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal.... Under any other rule, litigation would never cease, and finality and respect for orderly process of law would be overcome by chaos and contempt.") (internal quotations and citations omitted).

For the reasons stated above, Judge King's Motion To Dismiss will be **GRANTED**.

## II. THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST JUDGE KING (DOC. 16)

The Court's decision granting Judge King's Motion To Dismiss moots this motion.

## III. CONCLUSION

For the reasons stated herein, Judge King's Motion To Dismiss is **GRANTED**. All claims against Judge King are **DISMISSED with prejudice**. The Plaintiff's Motion for Partial Summary Judgment is **TERMINATED** as **MOOT**.

**DONE** and **ORDERED** this 1st day of February, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge